STATE OF NORTH CAROLINA v. DAVID EARL MILLER

No. 732SC366

(Filed 13 June 1973)

Receiving Stolen Goods § 5— insufficiency of evidence — failure to charge proper

  Though there was evidence of defendant's possession of recently stolen goods, this evidence was insufficient to submit an issue to the jury as to defendant's having received stolen goods with knowledge that they were stolen by another, and failure of the trial court to charge on that issue did not constitute error.

APPEAL by defendant from Cowper, Judge, 15 January 1973, Criminal Session, Superior Court, BEAUFORT County.

Defendant was charged with felonious breaking and entering, felonious larceny, and receiving. The court submitted the case to the jury on breaking and entering and larceny and did not charge on receiving. The jury found defendant guilty of both offenses, and defendant appeals from the judgment entered on the verdict, represented by counsel furnished by the State.

*Attorney General Morgan, by Assistant Attorney General Kane, for the State.*

*Franklin B. Johnston for defendant appellant.*

MORRIS, Judge.

Defendant's only exceptions and assignments of error are to portions of the court's charge. By these assignments of error, defendant contends that the court erred in failing to submit to the jury the charge of receiving. He concedes, and properly so, that receiving is not a lesser included offense of breaking and entering but a separate and distinct offense. On oral argument,

defendant took the position that the jury could have found the defendant not guilty of breaking and entering and larceny; and guilty only of the misdemeanor of receiving had they been given that opportunity. The record, however, does not support a charge on receiving. The State failed to prove all the elements. There is no evidence that defendant received stolen goods with knowledge that they were stolen by another. There was evidence of defendant's possession of recently stolen goods. This is not sufficient. *State v. Neill*, 244 N.C. 252, 93 S.E. 2d 155 (1956).

Since the evidence as to the count of receiving was insufficient to submit that issue to the jury, the court properly submitted only the counts of breaking and entering and larceny. This amounted to granting a motion of nonsuit on the receiving charge. In the trial of this case, we perceive no prejudicial error.

No error.

Judges CAMPBELL and VAUGHN concur.